UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MASOUD KHAZALI,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>    Defendant. | CASE NO. C23-0796JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Plaintiff Masoud Khazali's complaint against Defendant the State of Washington.  (Compl. (Dkt. # 5).)  Mr. Khazali is proceeding *pro se* and *in forma pauperis* ("IFP").  (*See generally id.*; IFP Order (Dkt. # 4).)  The court has reviewed Mr. Khazali's complaint and has determined that the allegations therein fail to state a claim upon which relief can be granted.  Accordingly, the court DISMISSES Ms. Khazali's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

//

ORDER - 1

## II. BACKGROUND

Mr. Khazali filed a motion to proceed IFP and a proposed complaint on March 21, 2022. (*See* IFP Mot. (Dkt. # 1); Prop. Compl. (Dkt. # 1-1).) Magistrate Judge Brian A. Tsuchida granted Mr. Khazali's IFP motion and recommended that the court review his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See generally* IFP Order at 1.)

In his complaint, Mr. Khazali claims that the State of Washington violated his right to free speech under the First Amendment. (Compl. at 3.) The only facts that Mr. Khazali alleges in support of his claim are that (1) he is a writer and a poet and (2) he is not allowed to write to his child. (*Id.* at 10.) Additionally, Mr. Khazali does not specifically identify the type of relief he seeks. (*See generally id.*)

## III. ANALYSIS

Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is "frivolous or malicious," fails to state a claim on which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not only those filed by prisoners). Because Mr. Khazali is a *pro se* plaintiff, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, his complaint must still contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

The court liberally construes Mr. Khazali's First Amendment claim against the State of Washington as a constitutional claim being brought under 42 U.S.C. § 1983.[1] *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."); *see also Jenkins v. Washington*, 46 F. Supp. 3d 1110, 1115 (W.D. Wash. 2014) (stating that plaintiff's "causes of action for monetary, injunctive, and declaratory relief are each constitutional claims that can only be brought via 42 U.S.C. § 1983"). Section 1983 creates a cause of action against "persons" who, acting under color of state law, deprive another of rights guaranteed under the Constitution. *See*

---

[1] Courts regularly construe federal constitutional claims as § 1983 claims. *See, e.g.*, *Gamboa v. King Cnty.*, 562 F. Supp. 2d 1288, 1296 (W.D. Wash. 2008) ("[T]he Court construes each cause of action in which a federal constitutional right is asserted by Plaintiff as a cause of action under 42 U.S.C. § 1983."); *Orozco v. Cnty. of Monterey*, 941 F. Supp. 930, 934 (N.D. Cal. 1996) (construing two of the plaintiff's causes of action for constitutional violations as § 1983 claims even though the plaintiff brought them directly under the U.S. Constitution and not under the umbrella of § 1983); *Ryder v. Booth*, No. 16-00065 HG-KSC, 2016 WL 2745809, at *4 (D. Haw. May 11, 2016) ("Plaintiffs' Complaint does not reference 42 U.S.C. § 1983. The Court construes Plaintiffs' claim that the Defendant County's police officers violated the United States Constitution as a claim pursuant to Section 1983.").

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

"Claims under § 1983 are limited by the scope of the Eleventh Amendment." *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997). As such, states, state agencies, and state officials sued in their official capacity are not "persons" under § 1983 and are immune from suit under the Eleventh Amendment.[2] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-71 (1989); *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (stating that the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it); *Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016) (explaining § 1983 did not abrogate states' Eleventh Amendment immunity and therefore does not allow suits against states themselves). Because the State of Washington is not a "person" that may be sued under § 1983, *see Will*, 491 U.S. at 64-71, Mr. Khazali's constitutional

---

[2] "[T]here is one exception to this general rule: When sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes." *Lawrence Livermore Nat'l Lab'y*, 131 F.3d at 839. Here, only the State of Washington is named as a Defendant. (*See* Compl.) Accordingly, this exception is inapplicable to the instant case.

claim is barred as a matter of law. *See, e.g.*, *Jenkins*, 46 F. Supp. 3d at 1115 (finding plaintiff's constitutional claims against the State of Washington, seeking monetary, injunctive, and declaratory relief, barred as a matter of law for this same reason). This conclusion remains the same regardless of the type of relief sought by Mr. Khazali. *See, e.g.*, *Jenkins*, 46 F. Supp. 3d at 1115 ("The relevant authority makes clear that a state is not a 'person' for § 1983 purposes regardless of the nature of relief sought.").

Moreover, even if the State of Washington were a proper defendant under § 1983, Mr. Khazali's complaint is devoid of any factual allegations that would allow the court to identify when and how the State of Washington allegedly violated his First Amendment rights. *See, e.g.*, *Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982) (stating that vague and conclusory allegations of participation in civil rights violations are not sufficient to support a claim under § 1983); *Peoples v. Schwarzenegger*, 402 F. App'x 204, 205 (9th Cir. 2010) (holding that the district court properly dismissed the plaintiff's § 1983 retaliation claim because "his conclusory allegations did not connect any defendant's alleged misconduct with the alleged infringement of his First Amendment rights"). In sum, Mr. Khazali's complaint must be dismissed.

When dismissing a complaint for failure to adequately state a claim, "[a] district court does not err in denying leave to amend where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (stating that a district court should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (quoting *Schucker v.*

*Rockwood*, 846 F.2d 1202, 1203 (9th Cir. 1988))).  Because Mr. Khazali is barred from suing the State of Washington for constitutional violations under 42 U.S.C. § 1983, Mr. Khazali cannot cure such claim by amending his complaint.  *See, e.g.*, *Vise Ah Cheung v. Hawaii, Dep't of Pub. Safety*, No. CV 17-00257 DKW-KSC, 2017 WL 2785336, at *2 (D. Haw. June 27, 2017) (dismissing with prejudice and without leave to amend plaintiff's § 1983 claims against state); *Shooter v. Arizona*, No. CV-19-01671-PHX-DWL, 2019 WL 2410808, at *4 (D. Ariz. June 7, 2019), *aff'd*, 4 F.4th 955 (9th Cir. 2021) (same).

      For the foregoing reasons, the court DISMISSES Mr. Khazali's complaint (Dkt. # 5) without prejudice and without leave to amend.  The court DIRECTS the Clerk to close this case.

      Dated this 7th day of June, 2023.

JAMES L. ROBART
United States District Judge